UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:07CV-76-R

JEFF TURPIN                                                                                                  PLAINTIFF

v.

CAL-ARK TRUCKING, INC.                                                                        DEFENDANT

### MEMORANDUM OPINION

This matter was initially filed in the Circuit Court of McCracken County, Kentucky, on April 9, 2007. The complaint alleged that the Defendant, Cal-Ark Trucking, Inc. ("Cal-Ark"), discriminated and retaliated against the Plaintiff, Jeff Turpin ("Turpin"), based upon his disability, in violation of KRS §207.150. Cal-Ark timely removed the action to this Court on May 25, 2007, based on diversity jurisdiction pursuant to 28 U.S.C. §1332. Cal-Ark filed a Motion to Dismiss in the McCracken Circuit Court (included in Docket #1 as Exhibit B). Turpin has responded (Docket #7) and Cal-Ark has replied (Docket #8). For the following reasons, Cal-Ark's Motion to Dismiss is **GRANTED in part** and **DENIED in part**. Further, the Court will transfer this matter to the United States District Court for the Eastern District of Arkansas.

### BACKGROUND

On June 16, 2006, Turpin, a resident of McCracken County, Kentucky, began working as a truck driver for Cal-Ark International, Inc. (improperly named Cal-Ark Trucking, Inc. in the filings with the Court), an Arkansas corporation headquartered in Little Rock. Turpin traveled to Little Rock to interview for the position, and when he was hired, he completed orientation training there. From there, Turpin was assigned a truck along with his first route. Turpin maintained his residence in Kentucky during the period of his employment.

Turpin alleges that on August 14, 2006, he sustained a work-related injury to his shoulder while refueling in Paducah, Kentucky. Turpin informed his supervisors at Cal-Ark of his injury, but alleges he was terminated on September 13, 2006 because he filed a workers' compensation claim, and was discriminated and retaliated against on the basis of his disability. There is no evidence in the record regarding the date this claim was filed, but Turpin did include Cal-Ark's Notice of Claim Denial filed with the Kentucky Office of Workers' Claims.

Cal-Ark alleges Turpin's workers' compensation claim was denied because the administrative law judge determined that Turpin had not sustained an injury as defined by the Kentucky Workers' Compensation Act. The Court has not been provided with any documentation regarding this dismissal, however. Turpin also filed for and was granted unemployment benefits in both Kentucky and Arkansas, and Turpin has provided the Court with documentation regarding the award of these benefits.

Cal-Ark has filed a Motion to Dismiss, and in support of that motion has submitted the Affidavit of Dennis Hilton, Cal Ark's Safety Director. In that Affidavit, Hilton states: (1) Cal-Ark does not maintain an office in Kentucky, have a registered agent in Kentucky, own or lease real property in Kentucky, or maintain any company files or records in Kentucky; (2) Cal-Ark drivers solicit employment and are hired in Arkansas; and (3) the documents provided by Turpin do not in fact show that he has been terminated from employment at Cal-Ark.

In contrast to Turpin's claims, Cal-Ark maintains that Turpin was not officially terminated from its employment. Instead, after his injury, Turpin remained on an off-duty list pending the finalization of his workers' compensation claim. When the claim was dismissed, Cal-Ark claims Turpin chose not to re-apply for active duty.

**STANDARD**

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

**DISCUSSION**

In its Motion to Dismiss, Cal-Ark asserts three arguments as to why Turpin's claims against it must be dismissed: (1) Kentucky does not have subject matter jurisdiction over this claims; (2) Kentucky does not have personal jurisdiction over Cal-Ark; and (3) venue is not proper within any judicial district of Kentucky.

**1. Subject Matter Jurisdiction**

Cal-Ark asserts that this Court lacks subject matter jurisdiction over this action. Where a defendant challenges subject matter jurisdiction under FED. R. CIV. P. 12(b)(1), the plaintiff bears

the burden of establishing jurisdiction. *United States ex rel. McKenzie v. BellSouth Telecomms., Inc.*, 123 F.3d 935, 938 (6th Cir. 1997). The motion to dismiss is properly granted only if it appears that the plaintiff can prove no set of facts which would entitle him to relief. *Id.* "All factual allegations in the complaint are accepted as true and construed in the light most favorable to the plaintiff." *Id.*

Turpin argues that Cal-Ark submitted to Kentucky jurisdiction by both appearing in the state workers' compensation proceeding and contesting the award of Kentucky unemployment benefits. Cal-Ark asserts that it defended the workers' compensation claim in Kentucky because the alleged injury occurred in the state, and in doing so it did not consent to subject matter jurisdiction in any future litigation. The workers' compensation claim has already been litigated, and it was not before this Court. The claim before this Court is entirely different; this is not a worker's compensation claim nor is it a claim for unemployment benefits. Turpin's present action is one for discrimination and retaliation in employment on the basis of disability. Thus, Turpin's claim that Cal-Ark submitted itself to jurisdiction for all purposes by defending his prior state actions is without basis.

Therefore, the Court must consider whether subject matter jurisdiction exists for Turpin's claims in the present action. Turpin asserts that he was terminated in retaliation for filing a workers' compensation claim and discriminated against on the basis of his disability. He alleges (1) Cal-Ark discriminated against him on the basis of his disability in violation of the Kentucky's Civil Rights Act; (2) Cal-Ark discharged him in retaliation for filing a workers' compensation claim; and (3) Cal-Ark discharged and discriminated against him in violation of the Kentucky Equal Opportunities Act.

In response, Cal-Ark argues that subject matter jurisdiction does not exist for Turpin's complaint because Turpin was never terminated from Cal-Ark. In his Affidavit, Dennis Hilton states that what Turpin has provided is a printed payroll screen. When a driver is hired at Cal-Ark, a bond is required. When a driver's bond is requested to be released, the payroll department automatically "terminates" him from the payroll system, but this does not mean he has been terminated from Cal-Ark employment. This particular payroll screen reflects Turpin's "termination" from the payroll system when he was placed on the off-duty list pending the resolution of his workers' compensation claim. Therefore, Cal-Ark argues, the allegations of which Turpin complains have not occurred because he was never terminated from employment, and this court lacks subject matter jurisdiction to hear allegations concerning an event that never happened.

Turpin has not responded this argument, but this Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *BellSouth Telecomms., Inc.*, 123 F.3d at 938. Assuming Turpin was terminated under the conditions he alleges, this Court would have subject matter jurisdiction over Turpin's claims of disability discrimination and retaliatory discharge, Counts I and II of his Complaint.

However, the Court does find reason to dismiss Count III of the Complaint. There, Turpin alleges Cal-Ark engaged in "prohibited employment practices" in violation of the Kentucky Equal Opportunities Act. Cal-Ark argues that it is not an "employer" within the meaning of § 207.150(1) of the Act, which states that "No employer shall fail or refuse to hire, discharge, or discriminate against any individual with a disability with respect to wages, rates of pay, hours, or other terms and conditions of employment because of the person's physical

disability unless the disability restricts that individual's ability to engage in the particular job or occupation for which he or she is eligible..." Employer is defined in § 207.130(3) as "a person or governmental unit or officer in this state having in his or its employ eight (8) or more individuals..." Cal-Ark argues that it is not a person "in this state," and therefore cannot be held liable for any alleged violations of § 207.150. Cal-Ark does not maintain an office in Kentucky, have a registered agent in Kentucky, own or lease real property in Kentucky, or maintain any company files or records in Kentucky. Therefore, this Court does not have subject matter jurisdiction over Turpin's claims under the Kentucky Equal Opportunities Act, and Count III is **DISMISSED.**

**2. Personal Jurisdiction**

Cal-Ark asserts that this Court lacks personal jurisdiction over this action. The burden of establishing personal jurisdiction is on the plaintiff. *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980), cert. denied, 450 U.S. 981, (1981). When the Court relies solely on the pleadings, affidavits, and other written submissions in considering a motion to dismiss, "the burden on the plaintiff is relatively slight" and the court "must consider the pleadings and affidavits in the light most favorable to the plaintiff." *Id.* at 439. The plaintiff only needs to "demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss." *Id.* at 438 (citation omitted).

In a diversity case, a federal court determines whether personal jurisdiction exists over a nonresident defendant by applying the law of the state in which it sits. *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1167 (6th Cir. 1988). In *Dean v. Motel 6 Operating L.P.*, the Sixth Circuit Court of Appeals set out the rule for establishing personal jurisdiction over a non-

resident for purposes of a federal diversity action in Kentucky. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1273 (6th Cir. 1998). The Court stated:

> The standards for establishing personal jurisdiction under the Kentucky long-arm statute are well-established: the Kentucky long-arm statute has been understood to reach the limit permitted by the Constitution. Thus, the single issue is whether the jurisdiction sought is within the requirements of due process. We have historically employed the following criteria to determine if personal jurisdiction is appropriate: First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* at 1273 (*citing Tobin v. Astra Pharmaceutical Products, Inc.*, 993 F.2d 528, 542-43 (6th Cir. 1993)).

Turpin's only argument regarding personal jurisdiction is that Cal-Ark availed itself of Kentucky jurisdiction when it filled out its form Notice of Claim Denial in the workers' compensation action and checked the boxes for (1) "Plaintiff's injury as alleged was covered under Workers' Compensation Act," (2) "The injury as alleged occurred on August 14, 2006," and (3) "Plaintiff gave due and timely notice of the alleged injury of August 14, 2006." However, filling out a form in response to a workers' compensation claim is not purposeful availment of the forum state. Cal-Ark did not purposefully avail itself to Kentucky jurisdiction by responding to Turpin's workers' compensation claim; it was required to do so. Thus, the Court finds that Turpin has not met his burden in this regard.

Further, Cal-Ark argues that it has not purposefully availed itself to the Commonwealth of Kentucky because it does not operate an office in the state; instead, all employees solicit employment and are hired in Arkansas. All corporate decisions emanate from Arkansas. Further, its only activities in Kentucky are the transportation of products to and from customers,

and Cal-Ark argues that these contacts are only tangentially related, at most, to its employment policies.

Even though Turpin has not met his burden of proving personal jurisdiction, the Court believes it would be inappropriate to dismiss Turpin's complaint for lack of personal jurisdiction at this time. While Turpin has not provided the Court with enough facts to make a reasonable argument for such jurisdiction, the Court also does not believe that it can make such a decision based on Cal-Ark's presentation of the facts. For example, if Cal-Ark regularly delivers products to customers located in Kentucky and conducts business with Kentucky customers, it is possible this Court could have general jurisdiction over Cal-Ark, which exists where "a defendant's contacts with the forum state are of such a 'continuous and systematic' nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Third Nat'l Bank v. Wedge Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989) (citing *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952)). If this were the case, there would be personal jurisdiction over Cal-Ark in this case.

**3. Venue**

28 U.S.C. §1391(a) states in relevant part:

[a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

In particular, in looking at §1391(a)(2) after the 1990 amendments, the Sixth Circuit Court of Appeals, in determining whether or not a venue is proper, asks "whether the district the plaintiff

chose had a substantial connection to the claim, [and] whether or not other forums had greater contacts." *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998). The Court in *Bramlet* went on to "hold that in diversity of citizenship cases the plaintiff may file his complaint in any forum where a substantial part of the events or omissions giving rise to the claim arose; this includes any forum with a substantial connection to the plaintiff's claim." *Bramlet*, 141 F.3d at 263-4.

Cal-Ark does not reside in Kentucky; it is an Arkansas corporation and is headquartered there. Clearly, neither § 1391(b)(1) nor § 1391(b)(3) applies in this action; consequently, venue could properly lie in this Court only if a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the Western District of Kentucky. *See* 28 U.S.C. § 1391(b)(2).

Turpin argues that as his alleged injury occurred in McCracken county, which is also where he resides, where he was treated for his injury, and where he originally filed suit before removal, venue is proper with this Court. However, while Turpin's injury allegedly took place in McCracken County, his injury is not the subject of this suit. Instead, this is a suit alleging discrimination and retaliation in employment.

Assuming Turpin's allegations regarding the termination of his employment are true, his termination would have emanated from Cal-Ark's office in Arkansas, which is where Cal-Ark makes all decisions to assign a driver to a route, hire or fire a driver, and place a driver on a leave of absence. However, Turpin argues that his termination was, in part, retaliation for the fact that the filed a workers' compensation claim in Kentucky. "In diversity of citizenship cases the plaintiff may file his complaint in any forum where *a* substantial part of the events or omissions giving rise to the claim arose." *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 263

(6th Cir. 1998) (emphasis added).

Obviously, Turpin's decision to file a Kentucky workers' compensation claim is a part of the events in his claim against Cal-Ark. However, this matter is not a workers' compensation claim; this is an alleged discrimination and retaliatory discharge claim. All events and decisions giving rise to any discrimination or retaliation occurred in Arkansas. While Turpin's filing of the workers' compensation claim may form a part of this claim, it is not a substantial part of the events giving rise to the claim Turpin now makes. For these reasons, the Court finds that venue is not proper in this Court. Instead, this matter will be transferred to the Eastern District of Arkansas.

## CONCLUSION

For the foregoing reasons, Cal-Ark's Motion to Dismiss is **GRANTED in part** and **DENIED in part**. The case is hereby ordered transferred to the United States District Court for the Eastern District of Arkansas.

An appropriate order shall issue.